# THE ATTORNEY GENERAL
### AUSTIN 11, TEXAS


August 28, 1952

Hon. Robert Galloway          Opinion No. V-1516
District Attorney
84th Judicial District    Re:  Applicability of various
Borger, Texas                  laws regulating fishing
                               to the taking of rainbow
Dear Mr. Galloway:             trout from a private lake.

        In your request for an opinion of this office
you state the following fact situation:

        "A resident of Hutchinson County, Texas,
    hereinafter called owner, is the owner of lands
    within this County.  A few years ago, the owner
    started selling gravel off of his lands and, in
    the process of removing the gravel, excavated a
    deep pit, whereupon underground waters commenced
    to flow into the pit and form a large body of
    water.  When the sale of gravel had been con-
    cluded, the owner had, within the boundaries of
    his own land, a body of water about thirty (30)
    acres in area, which body of water is in no way
    connected with any natural creek, river or stream,
    and is in no way subject to overflow from any
    creek, river, or natural stream.  The water sup-
    ply for the lake is wholly subterranean and, as
    a matter of fact, the owner banked rain waters
    away from the lake.

        "Sometime ago the owner began experimenting
    with rainbow trout and found that they live very
    well in his lake.  Later he bought fish eggs from
    out of the State, hatched the eggs himself at
    hatcheries erected upon his premises, turned them
    into his lake, and now has the lake supplied and
    stocked with about 400,000 rainbow trout.

        "During the year 1951, the owner permitted
    fishing upon his premises and in his lake, charg-
    ing an admission fee and placing a limit of five
    trout for each admission.

        "This year, 1952, the owner has proposed to
    change the charge for fishing upon his land by

charging the fishermen by the pound of fish
caught and removed. His reason for changing
the fishing privilege to the sale-by-pound
method was that during the year 1951 fisher-
men killed numerous fish by throwing back
smaller catches and keeping the five biggest
fish they could catch."

Based upon this fact situation you ask whether
the taking of fish from this private lake is subject to
the laws of the State of Texas, particularly Articles 933½a,
933½b, 933½c and 933a, Vernon's Penal Code, and Sections
1, 2 and 3 of Article 4032b, Vernon's Civil Statutes.

The articles in question are as follows:

Article 933½a, V.P.C.:

"From and after the expiration of the
closed season on rainbow trout as provided
in Section 1 of this Act /Art. 933½/ it shall
be unlawful for any person to take, possess,
sell or barter any rainbow trout from any of
the fresh waters of Texas during the months of
January, February, March, April and May of each
year, which months shall constitute a closed
season on rainbow trout."

Article 933½b, V.P.C.:

"It is hereby made unlawful for any
person to take or have in his or her pos-
session any rainbow trout from any of the
fresh waters of Texas, of a less length than
fourteen inches, or to take and have in his
or her possession more than five rainbow
trout during any one day."

Article 933½c, V.P.C.:

"It is hereby made unlawful for any
person to sell, barter, or offer for sale
or barter any rainbow trout taken from any
of the fresh waters of Texas."

Article 933a, V.P.C.:

"It shall be unlawful for any person,
firm or corporation, or their agents, to

buy or sell, or offer for sale, or offer to
buy, or have in his or their possession for
sale, or to carry, transport or ship for the
purpose of sale, barter or exchange, any
fresh water crappie or bass within the State
of Texas.

"Any person violating any of the provi-
sions of this section shall be deemed guilty
of a misdemeanor, and upon conviction shall
be punished by a fine in any sum not exceed-
ing one hundred dollars, and each sale or
shipment or act in violation hereof shall con-
stitute a separate offense."

Article 4032b, V.C.S.:

"Section 1. It shall be unlawful for any
resident of this State to fish in any of the
fresh waters of this State, outside of the
county of his residence and adjacent counties
thereto, without first having procured from
the Game, Fish and Oyster Commission, or one
(1) of its bona fide employees, or a county
clerk or an authorized agent, a resident fish-
ing license, the fee for which shall be One
Dollar and sixty-five cents ($1.65). Of this
amount, the officer issuing same shall retain
fifteen cents (15¢) as his fee for collecting
same. No fee or license of any kind shall be
required of a person for the right to fish in
the county of his residence and counties adja-
cent thereto except as provided in Sec. 3 of
this Act.

"Sec. 2. It shall be unlawful for any
person who is a non-resident of this State, or
any person who is an alien, to fish in the fresh
waters of this State without first having pro-
cured from the Game, Fish and Oyster Commission,
or one of its bona fide employees, or a county
clerk or an authorized agent, a non-resident
fishing license, the fee for which shall be Five
Dollars and twenty-five cents ($5.25). Of this
amount, the issuing officer shall retain twenty-
five cents (25¢) as his fee for collecting same.
Provided that such non-resident may fish in said
waters under a five-day license, the fee for
which shall be One Dollar and sixty-five cents
($1.65), and which shall be valid for only five

(5) consecutive days, including day of
issuance, the date of which shall be
stated thereon. The issuing officer shall
retain fifteen cents (15¢) of said amount
as his collecting fee.

"Sec. 3. No person under seventeen
(17) years of age shall be required to
possess any of the licenses provided for
in this Act. No resident fishing license
shall be required of a resident citizen of
this State who holds a commercial fishing
license issued in this State. Provided
that all residents of this State over the
age of seventeen (17) years shall hold a
resident fishing license when using arti-
ficial bait or lure. Provided further
that all residents of this State over the
age of seventeen (17) years shall hold a
resident fishing license when using live
bait outside of the county of his residence."

In Jones v. State, 45 S.W.2d 612 (Tex. Crim. App.
1931), it was determined that the game and fish laws of
this State are not intended to interfere with an owner's
control over fishing in privately owned ponds of the charac-
ter which you describe. In respect thereto, the court said
at page 614:

"In Corpus Juris, vol. 26, p. 624, citing
many authorities and precedents, the following
is stated: 'But the legislature cannot inter-
fere with the fishing privileges of the owners
of private ponds having no communication through
which fish are accustomed to pass to other
waters.'

"Apparently the game laws of this state
are so framed as to recognize the limitation
just mentioned. Article 951, P.C.1925, reads
thus: 'It shall be unlawful for any person
to catch any fish in the fresh waters of this
State, with any seine or net other than minnow
seine, not exceeding twenty feet in length, or
to drag any seine, except such specified minnow
seine, or to set any net, in the fresh waters
of this State during the months of March and
April, or to fish with any artificial bait of
any kind in the fresh waters of this State

during the months of March and April. Any
person violating any of the provisions of
this Article shall be deemed guilty of a
misdemeanor and shall be upon conviction
fined a sum of not less than twenty ($20.00)
dollars nor more than one hundred ($100.00)
dollars. <u>This article shall not apply to
any artificial lake, pond or pool, owned by
any person, firm, corporation, city or town,
that does not have as its source of water
supply a river or creek or is not subject
to overflow from a river or creek.</u>'

"Articles 931 and 933, upon which the
prosecution is founded, and article 951, just
quoted, are all parts of the Game Law, and
must be construed together. When so construed,
the exception in article 951, italicized above,
apparently would operate to protect the appel-
lant against a conviction in the present in-
stance. Article 951 apparently legalizes the
catching of fish of all kinds in private waters.
The appellant, having legally caught the fish
described in the evidence in private waters in
which the state had no interest, could not be
guilty of an offense by having the fish in his
possession."

In an opinion on motion for rehearing in the same
case (45 S.W.2d 614) the court stated:

"It seems to the writer that in no clearer
language than that found in articles 925 and 951
could it be expressed that it was not the legis-
lative intent to place restriction on the owners'
control over fishing in privately owned ponds, as
distinguished from fresh water streams and lakes
as defined in article 926 of the Penal Code."

Therefore, in view of the basis for the Court of
Criminal Appeals' interpretation of the fish and game laws
of the State, we feel that Articles 933½a and 933½b, Vernon's
Penal Code, and sections 1, 2 and 3 of Article 4032b, Vernon's
Civil Statutes, do not apply to the taking of fish from the
lake which you have described in your request, and specifi-
cally that the owner's price-per-pound system of charge is
not necessarily in conflict with Articles 933½c and 933a, Ver-
non's Penal Code. This system of charge if applicable solely
to the privilege of fishing is no more than a method by which

the owner controls fishing in his private lake, and as said above, the game and fish laws when construed together indicate the legislative intent to exempt the owner's control over fishing in private lakes or ponds which do not communicate with public waters from the scope of these laws.

SUMMARY

The taking from a privately owned artificial lake of rainbow trout which were stocked in the lake from sources outside the State is not subject to the provisions of Articles 933½a, 933½b and 933½c, Vernon's Penal Code, or Sections 1, 2 and 3 of Article 4032b, Vernon's Civil Statutes, where the lake does not have as its source of water supply a river or creek and is not subject to overflow from a river or creek. A fee charged for the privilege of fishing in such lake based on the number of pounds of fish caught is not a purchase, sale, barter or exchange, within the meaning of Articles 933½c and 933a, Vernon's Penal Code, of the types of fish named therein.

APPROVED:

Ned McDaniel
State Affairs Division

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

MR/ec/rt

Yours very truly,

PRICE DANIEL
Attorney General

By *Milton Richardson*

Milton Richardson
Assistant